# BRANDY v STATE OF FLORIDA
## Case No. 89-11920 (County Court Case No. 89-5921)
Thirteenth Judicial Circuit, Hillsborough County

April 4, 1990

### APPEARANCES OF COUNSEL

**Dan Kirkwood, Esquire,** Assistant Public Defender, for appellant.

**James M. Barton, II., Esquire,** Assistant State Attorney, for appellee.

### OPINION OF THE COURT

SUSAN C. BUCKLEW, Circuit Judge.

Appellant, Frank Vincent Brandy appeals the trial court's ruling denying his motion for Judgment of Acquittal and finding him guilty. This court reverses.

Appellant was stopped because of a suspected violation of Florida

Statute 316.0895(1) which makes it illegal for a motor vehicle to follow another vehicle too closely. Appellant was then arrested for violation of Florida Statute 843.02, making it illegal to oppose a police officer in the lawful execution of a legal duty.

Appellant was riding a bicycle. Florida Statute 316.0895(1) makes it illegal for a "motor vehicle" to follow another vehicle too closely. "Motor vehicle" is defined in Florida Statute 316.003(21) as "any self-propelled vehicle. . .but not including any bicycle or moped." It is correct as the Appellee argues that according to F.S. 316.2065(1) the rights and duties of a bicyclist are the same as the driver of any other "vehicle" under chapter 316. However, "vehicle" is defined differently than "motor vehicle". F.S. 316.003(75) defines vehicle as "every device in, upon, or by which any person or property is or may be transported or drawn upon a highway. . ." Because F.S. 316.0895(1) specifically used the term *"motor* vehicle", this court finds bicycles are not regulated under F.S. 316.0895(1).

Therefore the stop of the appellant was not lawful or valid and the subsequent obstruction which was without violence is not punishable.

The trial court's verdict of guilty is reversed. The case is hereby remanded to the trial court with instructions to discharge the Appellant, Frank Brandy.

DONE and ORDERED this 4th day of April, 1990 in Hillsborough County, Florida.